IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DANIELS, | No. C 20-8693 WHA (PR) |
| Plaintiff, | **ORDER OF SERVICE; ON PENDING MOTIONS** |
| v. | |
| GERALD COYLE; JOHN DOES 1-5, | |
| Defendants. | (Dkt. Nos. 4, 5, 10, 11) |

## INTRODUCTION

Plaintiff is a California prisoner who filed this pro se complaint under 42 U.S.C. § 1983 against Gerald Coyle and four other unnamed police officers of the San Jose Police Department for using excessive force during his arrest. For the reasons discussed below, the complaint is ordered served upon Coyle. Leave to proceed in forma pauperis is granted in a separate order.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which a plaintiff seeks to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(e). In its review the court must dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges that Coyle twisted his wrist and punched him in the face multiple times while arresting him, including after he was handcuffed and complying with orders. He alleges that the unnamed officers stood by and failed to intervene. When liberally construed, these allegations state a cognizable claim for relief under Section 1983 for the violation of his constitutional rights and under state tort law.

Plaintiff requests appointment of counsel. In a civil case, a plaintiff does not have a right to counsel, and the court does not have the power to make coercive or mandatory appointments of counsel. The case may be referred to the Bar Association to try to find a lawyer who is willing to represent him on a pro bono basis (i.e. for free), but that is not necessary here because plaintiff has been able to represent himself ably. If at a future point plaintiff needs a lawyer in order to manage this case, the court will refer him; plaintiff does not need to, and should not, ask again. Plaintiff has filed a motion for copies, but it is not clear

what copies he needs.  If he needs copies from the court, he may submit a request to the clerk identifying the documents he wants copied; the clerk will then send him instructions for payment and requesting of copies.  He must go through jail procedures to get copies from jail officials.

**CONCLUSION**

For the reasons set out above,

1. The motions for appointment of counsel and for copies are **DENIED** without prejudice, as explained above.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendant **Officer Gerald Coyle** at **the San Jose Police Department**.  A courtesy copy of the complaint with attachments and this order shall also be mailed to the San Jose City Attorney's Office.

3. Defendant **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

   a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

   c. Defendants **shall** file a reply brief no later than **14 days** after the date of

3

1  service of the opposition.

2        d. The motion shall be deemed submitted as of the date the reply brief is due.
3  No hearing will be held on the motion unless the court so orders at a later date.

4        e. Along with his motion, defendants shall file proof that they served plaintiff
5  the *Rand* warning at the same time they served him with their motion. Failure to do so will
6  result in the summary dismissal of their motion.

7     5. All communications by the plaintiff with the court must be served on defendants, or
8  defendants' counsel once counsel has been designated, by mailing a true copy of the document
9  to defendants or their counsel.

10     6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
11  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is
12  required before the parties may conduct discovery.

13     7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
14  informed of any change of address and must comply with the court's orders in a timely fashion.
15  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
16  Federal Rule of Civil Procedure 41(b).

17     IT IS SO ORDERED.

19  Dated: March 15, 2021.

                                        WILLIAM ALSUP
                                        UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.